# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-51330
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 18, 2015

UNITED STATES OF AMERICA,

Lyle W. Cayce
Clerk

Plaintiff-Appellee

v.

BENNY LEE GAYDEN,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:14-CR-161-2

Before WIENER, HIGGINSON, and COSTA, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Benny Lee Gayden was charged with aiding and abetting the possession with intent to distribute a controlled substance. Gayden moved to suppress evidence obtained as the result of a warrantless entry into a hotel room. Following a hearing, the district court issued a memorandum order denying the motion. Gayden entered a conditional guilty plea that preserved his right to appeal the denial of his motion to suppress.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-51330

Gayden argues that the district court erred by denying his motion to suppress because there were no exigent circumstances supporting the search of room 135. A district court's findings on a motion to suppress are reviewed for clear error, and the district court's ultimate conclusions on whether the Fourth Amendment was violated are reviewed de novo. *United States v. Scroggins*, 599 F.3d 433, 440 (5th Cir. 2010). A district court's denial of a suppression motion should be affirmed "if there is any reasonable view of the evidence to support it." *United States v. Michelletti*, 13 F.3d 838, 841 (5th Cir. 1994) (en banc) (quoting *United States v. Register*, 931 F.2d 308, 312 (5th Cir. 1991).

A warrantless intrusion into an individual's home is permissible if "probable cause and exigent circumstances justify the search," *United States v. Troop*, 514 F.3d 405, 409 (5th Cir. 2008) (quoting *United States v. Gomez-Moreno*, 479 F.3d 350, 354 (5th Cir. 2007)), and the officers did not create the exigency. *United States v. Hearn*, 563 F.3d 95, 106 (5th Cir. 2009). "Relevant factors include, but are not limited to, the degree of urgency, the amount of time necessary to obtain a warrant, whether there is a reasonable belief that contraband will be moved, potential danger to police officers, whether suspects are aware that an arrest or search may be imminent, whether the contraband can be readily destroyed, and "the knowledge that efforts to dispose of narcotics and to escape are characteristic behavior of persons engaged in the narcotics traffic." *United States v. Menchaca-Castruita*, 587 F.3d 283, 289-90 (5th Cir. 2009).

The Midland Police Department arranged a controlled purchase of crack from Chad Montgomery, one of Gayden's codefendants. Police officers followed Montgomery to room 135 in America's Best Value Inn in Midland. After approximately 25 minutes, Montgomery left room 135 and proceeded to

No. 14-51330

complete the arranged controlled sale of crack, after which he was arrested. Based on Montgomery's statements, the officers believed that he had procured the crack from room 135. Police officers continued to watch room 135 and, less than 30 minutes after Montgomery left room 135, observed Gayden leave the room. The police officers observing room 135 had a marked police unit arrest Gayden as he left the hotel parking lot. Simultaneously to Gayden's arrest, officers observed a male open the door to room 135 and look around. The officers concluded that the individuals in room 135 may have been alerted to the police activity by Gayden and could have started to destroy evidence. The officers obtained a key card to room 135 from Gayden, entered the room, saw crack cocaine in plain view, and arrested the occupants of the room. The officers then secured a warrant to search the room. The warrant process took two hours to complete.

Based upon the above testimony, exigent circumstances existed because there was a danger that the occupants of room 135 posed as a risk of the destruction of evidence. *See Menchaca-Castruita*, 587 F.3d at 289-90. A reasonable view of the evidence supports the district court's denial of this motion to suppress. *See Michelletti*, 13 F.3d at 841.

AFFIRMED.